IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT C. REDMAN, | |
| v. | Case No. 23-CV-04529 |
| UNITED STATES OF AMERICA | Judge John Robert Blakey |

### MEMORANDUM ORDER AND OPINION

On November 3, 2016, a jury found petitioner Scott C. Redman guilty on all counts charged in the indictment. *See USA v. Redman*, No. 16-cr-00079 at [58]. Judge Der-Yeghiayan, to whom the case was then assigned, sentenced Redman to a total term of imprisonment of 157 months. *Id.* at [82], [83]. Mr. Redman filed post-trial motions, *id.* at [63], [64], [65], and, when those were denied, he appealed, *see* [81], [85]. The Court of Appeals affirmed Redman's conviction and sentence on April 17, 2018, and the mandate issued May 9, 2018, *id.* at [110], [111], [112]. On July 13, 2023, Mr. Redman filed a motion asking the Court to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255, *see* [1]. For the reasons explained below, the Court finds that the motion remains untimely, and thus denies it.

I.  BACKGROUND

On April 7, 2016, a grand jury returned a ten-count indictment, charging Scott Redman with three counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); one count of furnishing false and fraudulent material in an application filed under Title 21 of the

United States Code (namely, DEA Form 224), in violation of 21 U.S.C. § 843(a)(4)(A); and four counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). At his initial appearance, the Court appointed Paul Flynn to represent Redman, *id.* at [6]; when Attorney Flynn moved to withdraw, the Court appointed Gerald J. Collins to represent Redman, *id.* at [27], [29]. Attorney Collins filed his appearance on Mr. Redman's behalf on June 21, 2016, *id.* at [28].

The case proceeded to trial, and, on November 3, 2016, a jury found Mr. Redman guilty on all counts. Redman, through Attorney Collins, filed timely post-trial motions, and the Court denied them.

On February 8, 2017, the Court sentenced Redman to 157 months of imprisonment. Mr. Redman, through counsel, filed an appeal, and, shortly after filing the appeal, Attorney Collins filed a motion to withdraw. The motion was granted, and the Court of Appeals appointed James P. Hanlon to represent Mr. Redman on appeal. Counsel, assisted by Daniel E. Pulliam and Mark L. Shope, represented Mr. Redman throughout proceedings on appeal. On April 17, 2018, the Seventh Circuit affirmed Mr. Redman's conviction and sentence. He did not seek review in the United States Supreme Court.

On July 13, 2023, Mr. Redman, through counsel, filed a motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. *See* [1]. In his motion, Mr. Redman argued that: (1) his trial counsel provided ineffective assistance by failing to object to the drug quantity in the PSR; and (2) his appellate counsel provided ineffective assistance by failing to raise certain claims on appeal. [1] at 5–

2

6; [2] at 7–12. He concedes that his motion comes too late, but argues that equitable tolling should be applied in this case, as he was unable to timely present his claims through a 28 U.S.C. § 2255 motion due to the extraordinary circumstances of trial counsel's abandonment. [2] at 5–7. For the reasons explained below, this Court rejects Mr. Redman's equitable tolling arguments and denies his motion [1] as untimely.

## II. LEGAL STANDARD

Relief granted under § 2255 is "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). This relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).[1]

## III. ANALYSIS

For prisoners seeking to bring collateral attacks on final sentencings, federal law imposes a "1-year period of limitation" that "shall run from the latest of" several events. *See* 28 U.S.C. § 2255(f). In this case, the one-year period of limitation started

---

[1] Mr. Redman requests an evidentiary hearing, but when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is required. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015).

3

running from "the date on which [Redman's] judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). On April 17, 2018, the Seventh Circuit affirmed Petitioner's sentence, and he did not seek a writ of certiorari. *United States v. Redman*, 887 F.3d 789, 792 (7th Cir. 2018). His conviction thus became final on July 16, 2018, 90 days after the Seventh Circuit's decision. Thus, to be timely under § 2255(f)(1), Redman's § 2255 motion had to be filed by July 16, 2019, one year from the date his conviction became final. Yet Redman did not file his § 2255 motion until July 13, 2023, almost four years too late.

Mr. Redman does not allege any circumstances that would render his petition timely under 28 U.S.C. § 2255(f), and he concedes that "the government is correct in their inference that the statute of limitations for Mr. Redman's appeal has run out." [24] at 3. He argues, however, that equitable tolling saves his claim. *Id.* at 3–4. To be sure, the Seventh Circuit has consistently held that § 2255's period of limitation is procedural, not jurisdictional, and is thus subject to equitable tolling. *See Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004). But equitable tolling remains an extraordinary remedy, and requests for such tolling are "rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Equitable tolling applies only if the movant can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To show "extraordinary circumstances," the

4

movant must show that some "external obstacle beyond the party's control stood in his way and caused the delay." *Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256–57 (2016)) (cleaned up).

In *Lombardo,* the movant's attorney blew the filing deadline, and Lombardo argued that the mistake constituted an extraordinary circumstance to trigger equitable tolling; the Seventh Circuit disagreed, finding that "every error of this sort will involve a similar type of shortcoming, though, whether the attorney doesn't do enough research, relies on the wrong type of source, or just plain gets it wrong. This factor alone thus does not elevate counsel's error to an extraordinary circumstance or meaningfully distinguish this case from others involving similar errors." 860 F.3d at 554. More is required before a blown deadline amounts to extraordinary circumstances. For example, in *Baldayaque v. United States*, 338 F.3d 145, 152–53 (2d Cir. 2003), the attorney "not only misunderstood the statute of limitations and failed to perform the proper research on that topic, he never filed a motion under § 2255, even though he had been retained for that sole purpose, and he never spoke to or met with the petitioner, and did not follow up when his letter to the petitioner was returned as undeliverable"; and, in *Holland v. Florida,* 560 U.S. 631, (2010), the record suggested that the attorney had engaged in a "prolonged pattern of neglect and detachment from his client, involving years of directions that went unheeded, pleas for information that went unanswered, and requests for substitution of counsel that were denied." *Lombardo*, 860 F.3d at 553–55.

5

Such circumstances do not exist here. Attorney Collins pursued post-trial motions and filed a timely notice of appeal; when he withdrew, the Court of Appeals appointed Attorney James Hanlon, who zealously pursued the appeal with the assistance of at least two other attorneys. After the Court of Appeals affirmed Redman's conviction and sentence, Attorney Mary Higgins Judge appeared and pursued a motion for compassionate release, *see USA v. Redman*, No. 16-cr-0079 at [116]. This is not a case where counsel abandoned his client or repeatedly ignored his instructions or requests, and nothing in the record suggests that counsel's conduct constitutes extraordinary circumstances justifying the four-year delay in filing the § 2255 motion.

In contrast to the petitioner in *Holland*, Mr. Redman does not claim any prolonged pattern of neglect; nor does he allege that any pleas for information went unanswered. In fact, he does not allege that he asked counsel to do *anything* during the nearly four years that elapsed between the time his conviction became final and the time he filed his § 2255 motion. This points to both a lack of reasonable diligence and a lack of extraordinary circumstances, as required for equitable tolling.

Moreover, "incorrect legal advice generally does not by itself trigger equitable tolling." *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (citing *Lee v. Cook County*, 635 F.3d 969, 973 (7th Cir. 2011)). Even the failure of an attorney to inform his client of the possibility of collateral review, according to the Seventh Circuit, "does not rise to the level of an extraordinary circumstance" sufficient to trigger equitable tolling. *Ademiju*, 999 F.3d at 477. Nor does Mr. Redman's own lack

6

of knowledge or expertise excuse the delay. *See, e.g., Perez v. United States*, No. 13 C 4478, 2015 WL 9460137, at *4 (N.D. Ill. Dec. 22, 2015) ("A prisoner's pro se status or lack of knowledge of the law are not the type of extraordinary circumstances that warrant equitable tolling."); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (finding that a petitioner's limited resources, lack of familiarity with the law, and lack of legal expertise do not justify the application of equitable tolling).

## IV.   CONCLUSION

This Court finds, based upon the record, that Mr. Redman's § 2255 motion is untimely, filed almost four years too late. The Court also finds that he has failed to demonstrate circumstances justifying the application of equitable tolling. As a result, the Court denies his § 2255 motion [1]. Because the Court need not reach the merits of Mr. Redman's motion, the Court denies as moot the Government's motion to strike [25]. Civil Case Terminated.

Dated:  February 17, 2026

                                                    Entered:

                                                    John Robert Blakey
                                                    United States District Judge